McDONALD, J., concurring.
In Munn v. Hotchkiss School , 326 Conn. 540, 569-79, 165 A.3d 1167 (2017), this court determined that the trial court had not abused **815 its discretion in denying a motion for remittitur of a damages award of approximately $ 41.5 million, $ 31.5 million of which were noneconomic damages. I wrote separately in that case to express my concern that our remittitur jurisprudence is internally inconsistent and fails to provide clear guidance as to the point at which a verdict should be deemed excessive. See id., at 579-88, 165 A.3d 1167 (McDonald, J. , concurring). I emphasized that the lack of objective guideposts for the review of noneconomic damages presented a particularly vexing problem and suggested that the legislature would be best suited to remedy this concern. As of yet, the legislature has taken no remedial action, leaving this court to fill the void.
The present case is a prime example of how objective guideposts result in more logical, consistent outcomes. By adopting the common sense presumption that a loss of consortium award ordinarily should not substantially exceed the corresponding wrongful death award to the directly injured spouse, this court was able to limit its review to considering whether the evidence demonstrated exceptional or unusual circumstances to justify a loss of consortium award almost four times as great as *278 the wrongful death award. After we applied this standard, the result was clear.
I join the majority opinion but write separately to note that, under the current state of our law, the unpredictability of noneconomic damages awards will continue to exist in other circumstances. It appears that the abuse of discretion standard of review that we utilize to consider whether a trial court's order as to whether a verdict is excessive as a matter of law will remain a legal oxymoron in our jurisprudence unless and until the legislature clarifies its intent in General Statutes § 52-216a. Without restating it here, I continue to maintain my view on the subject as articulated in Munn .